# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MISSISSIPPI PROPERTY INVESTMENTS, INC.**                      **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 4:13-cv-253-MPM-JMV**

**STANLEY E. DONALD**                                                **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's Motion for Summary Judgment [35]. Upon due consideration of the motion and authorities cited and the fact that Defendant presents no opposition to the motion, the court finds it is well taken and should be granted as detailed below.

## Facts

This lawsuit is for nonpayment of a $225,000.00 promissory note ("the subject note"), evidencing a loan by Plaintiff, Mississippi Property Investments, Inc., to Debtor, Locomotive Sales and Leasing Corporation. *See* Exh. 1 to Am. Compl. [3-1]. Defendant, Stanley E. Donald, and William H. Wright signed the subject note as joint and several guarantors. *See* Def.'s Answer to Am. Compl. [5] at 2. Each obligor was jointly and severally liable to the plaintiff for the full amount of the note under its terms. *See* Exh. 1 to Am. Compl. [3-1].

The purpose of the $225,000.00 loan secured by the subject note was to permit Debtor to make partial payment on an approximately $1,500,000.00 loan owed to a third party. *See* Exh. 3 to Pl's Mot. for Summ. J. [35-3] at 4. At the time Defendant Donald and Wright signed the subject note, Locomotive Sales and Leasing Corporation had already defaulted on the $1,500,000.00 loan. *Id.* at 3.

To date, the Debtor, Defendant Donald, nor Wright has paid any money to Plaintiff on the subject note. *Id.* at 6. There is currently a balance of principal and interest due on the note of $325,818.49.[1]

On or about April 6, 2015, the parties announced they had reached a settlement agreement in the instant action. But after the passage of some time and the settlement agreement having not been consummated, the plaintiff filed a motion to enforce the settlement or, in the alternative, to amend the scheduling order on June 8, 2015. *See* Mot. to Enforce Settlement, or in the Alternative, to Am. the Scheduling Order [30]. The court ultimately amended this matter's case management order, set a new dispositive motions deadline, and reset the trial date. Now, Plaintiff has filed a motion for summary judgment to which Defendant presents no opposition. Plaintiff asserts, to date, Defendant has failed to make payment under the note and it is entitled to judgment on the subject note in its favor as a matter of law.

**Standard of Review**

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the non-moving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the

---

[1] $325,818.49 = $225,000 (Principal) + $91,818.49 (9% Interest on Principal from January 1, 2011 to July 15, 2015) + $9,000.00 (4% Late Payment Charge after Fifteen Days of Non-Payment). See Exh. 4 to Mot. for Summ. J. [35-4] for a detailed computation of damages.

existence of an element essential to his case on which he bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689, 123 L.Ed. 2d 317 (1993); *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

## Law and Analysis

Where the guarantors' obligation is joint and several, either of them is liable for the whole amount; upon default, the obligee can sue any of the joint and several obligors separately or all of them together at its option. *See* MISS. CODE ANN. § 85-5-3 (2014); *Woods-Tucker Leasing Corp. of Georgia v. Kellum*, 641 F.2d 210, 216 (5th Cir. 1981) (applying substantive Mississippi law); *Hattiesburg Hardware. Co. v. Pittsburg Steel Co.*, 115 Miss. 663, 76 So. 570 (Miss. 1917) (Suit may be brought against one or more persons who are jointly and severally liable.); *see also* Johnny C. Parker, *Joint and Several Liability in Contract*, *in* MISSISSIPPI LAW OF DAMAGES § 9:2 (3d ed. 2014); 67A C.J.S. *Actions on Contract* § 44 (2015). A plaintiff asserting a breach of contract claim has the burden of proving "by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it ...." *Bus. Commc'ns, In. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012)[2]

Defendant Donald does not deny the authenticity of the subject note, that he signed it as a co-obligor, or even that he is obligated for the full amount under the terms of the subject note. Defendant is a Certified Public Accountant. He conceded at his deposition he was aware at the

---

[2] The Court applies the substantive law of Mississippi because federal jurisdiction is founded on diversity of citizenship and no party argues for the application of any other state's law. *See Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238, 241 (5th Cir.1990).

time that he signed the subject note he was obligating himself to being severally and individually liable for the full amount of the note. *See* Exh. 3 to Pl's Mot. for Summ. J. [35-3] at 6 ("Q: And being an accountant, Mr. Donald, you understand that if you sign a note along with other people that you can be called on to pay the entire amount of the note if there's not some provision that limits your exposure? A: I understand that."). Additionally, to date, he has breached such agreement and made no payments on the subject note. *Id.* ("Q: And to your knowledge, has anything been paid on the obligation? … A: Not that I'm aware of."). Moreover, Defendant presents no objection to the contentions made in Plaintiff's Motion for Summary Judgment. Because there is no issue – let alone a material issue – as to the existence and breach of the subject note, Plaintiff is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons and the fact the motion is unopposed, summary judgment in this case is appropriate. **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment is hereby **GRANTED**. Plaintiff is entitled to a judgment on all claims against the defendant in the amount of $325,818.49. Additionally, under the terms of the subject note, the plaintiff is entitled to 9% annual interest until the judgment is satisfied. Plaintiff shall have seven business (7) days from the date of this order to file briefing on the amount of attorney's fees actually incurred with respect to this litigation, and defendant shall have seven business (7) days thereafter to file any response or objection thereto.

**SO ORDERED**, this the 7th day of August, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**